## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge William J. Martínez

Civil Action No. 21-cv-378-WJM-SKC

BLUEBERRY HILL HOME OWNERS, INC.,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendants.

---

## ORDER DENYING MOTION FOR ORDER REQUIRING AMERICAN FAMILY TO PAY COSTS OF COMPLIANCE WITH SUBPOENA

---

Before the Court is Impact Claims Services, LLC's ("Impact") Motion for Order Requiring American Family to Pay Costs of Compliance with Subpoena ("Motion"). (ECF No. 33.) American Family Mutual Insurance Company ("American Family") filed a response (ECF No. 34), and Impact filed a reply (ECF No. 42).

For the reasons stated below, the Motion is denied.

### I. LEGAL STANDARDS

Impact's Motion is filed pursuant to Federal Rule of Civil Procedure 45(d)(1). (ECF No. 33 at 1.) Rule 45(d)(1) provides:

> ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).  Also relevant to the Motion's resolution is Rule 45(d)(2)(B), which provides, in relevant part:

> *Objections.*  A person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection . . . .  If an objection is made, the following rules apply:
>
> **(i)** At any time, on notice to the commanded person, the serving party may move the court . . . for an order compelling production . . . .
>
> **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*Id.* 45(d)(2)(B).

## II. BACKGROUND

In 2017, a building owned by Blueberry Hill Home Owners, Inc. ("Blueberry Hill") and insured by American Family was damaged in a hail storm.  (ECF No. 4 ¶¶ 8–13.) Blueberry Hill filed an insurance claim but was dissatisfied with American Family's initial investigation and payment of the claim.  (*Id.* ¶ 14–15.)  Blueberry Hill hired public adjuster, Impact to investigate the claim and assist Blueberry Hill in seeking additional payment from American Family.  (*Id.* ¶ 52.)  In 2021, Blueberry Hill sued American Family in state court for breach of contract and bad faith delay or denial of an insurance claim under Colorado Revised Statutes §§ 10-3-1115 and -1116. (*Id.* ¶ 1.)  American Family removed the case.  (ECF No. 1.)  Blueberry Hill and American Family have since settled, and the case before this Court has been terminated. (ECF Nos. 38, 39.)

During discovery, American Family served Impact with a subpoena ("Subpoena"), which commanded production of: (1) "[a]ll documents related to public adjusting services provided to Blueberry Hill Home Owners . . . from January 1, 2015 to

the present"; and (2) "Any and all audio and/or video recordings that in any way relate to 2017 storm damage to the Blueberry Hill Home Owners property." (ECF No. 33-1 at 1.) Impact objected to the Subpoena in a letter to counsel. (*Id.* at 6–9.) In the letter, Impact stated that while "[t]he scope of the subpoena is limited to documents related to the Blueberry Hill claim," the "date of production set forth in the subpoena [was] unreasonable, unduly burdensome, and frankly impossible." (*Id.* at 6–7.) Impact requested additional time and for American Family to pay its "reasonable costs of compliance." (*Id.* at 8.) American Family agreed to an extension and rolling productions. (ECF No. 34 at 6.)

Impact ultimately complied with the Subpoena but maintains American Family must pay at least a portion of its costs. (ECF No. 33 at 1–2.) Impact calculates that it spent $13,757.50 to comply with the Subpoena. (*Id.* at 5.) It now seeks an order directing American Family to pay $8,355—representing two thirds of its costs. (*Id.*)

### III. ANALYSIS

Impact argues that "[u]nder the current version of Rule 45, it is mandatory for American Family to protect Impact from significant expense." (ECF No. 33 at 5.) And, because the approximately $13,700 Impact spent complying with the Subpoena was "significant," American Family must protect it from that cost. (*Id.*; ECF No. 42 at 3.) American Family contends that Impact seeks to improperly import the "must protect" language from Rule 45(d)(2)(B)(ii) into Rule 45(d)(1). (ECF No. 34 at 5–6.)

Under Rule 45(d)(2)(B)(ii), a court "must protect" a non-party from "significant expense" when it is compelled to comply with a subpoena over its objection. Fed. R. Civ. P. 45(d)(2)(B)(ii). But under Rule 45(d)(1), a court "must enforce [the] duty" the first

3

sentence of Rule 45(d)(1) imposes on the party or attorney issuing the subpoena "to avoid imposing undue burden or expense." *Id.* 45(d)(1); (ECF No. 34 at 5–8.)  The Court agrees with American Family's reading of Rule 45(d)(1).

The operative words of Rule 45(d)(1) support this conclusion—the first sentence instructs the party or attorney issuing or serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense," and the second sentence commands courts to "enforce this duty." Fed. R. Civ. P. 45(d)(1); *see Fruitt v. Asture*, 604 F.3d 1217, 1220 (10th Cir. 2010) (looking first to the plain and ordinary meaning of the text when interpreting a rule of civil procedure).  The mechanism courts use to enforce this duty is the "impos[ition of] appropriate sanction[s] . . . on a party or attorney *who fails to comply*." Fed. R. Civ. P. 45(d)(1) (emphasis added).  The two-part structure of the heading to Rule 45(d)(1)—"Avoiding Undue Burden or Expense; Sanctions"—reinforces this straightforward reading.  *See Almendaraz-Torres v. United States*, 523 U.S. 224, 234 (1998) ("[T]he title of a statue and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.") (internal quotation marks omitted); *Sec. & Exch. Comm'n v. Scoville*, 913 F.3d 1204, 1218 (10th Cir. 2019) (citing *Almendarez-Torres* for same).

Every case Impact cites for the proposition that cost shifting under Rule 45(d)(1) is mandatory involves an order to compel (issued over the objection of the commanded party), implicating Rule 45(d)(2)(B)(ii).  *See In re Exxon Valdez*, 142 F.R.D. 380, 383 (1992) ("As for the assignment of cost, API cites new Rule 45([d])(2)(B), which states that "an order to compel production shall protect any person who is not a party or an officer from significant expense resulting from the inspection and copying

commanded."); *Crandall v. City & Cnty. of Denver*, 2007 WL 162743, at *1 (D. Colo. Jan. 1, 2007) ("It is the Court's obligation to protect any person who is not a party to the underlying lawsuit from significant expense resulting from the inspection and copying which was commanded pursuant to Rule 45.  Fed. R. Civ. P. 45([d])(2)(B).  The rule is mandatory."); *U.S. v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532, 534 (C.D. Cal. 2014) ("If a *court orders a non-party to comply with a subpoena over that non-party's objection*, then the court must shift any 'significant expenses resulting from compliance' to the requesting party.") (emphasis added) (quoting Fed. R. Civ. P. 45(d)(2)(B(ii))).  Therefore, the Court can only impose a sanction upon American Family in the form of shifting costs if it finds American Family failed to comply with its duty to take "reasonable steps to avoid imposing undue burden or expense."  Fed. R. Civ. P. 45(d)(1).

The Court finds American Family did not fail in this duty.  To reach this conclusion, the Court looks to Rule 26(g) for guidance.  The provision that is now Rule 45(d)(1) was added in 1991 to "give[] specific application to the principle stated in Rule 26(g) and specif[y] liability for earnings lost by a non-party witness as a result of misuse of the subpoena."[1]  Fed. R. Civ. P. 45(c) advisory committee's note to 1991 amendment.  Courts have observed that, "because Rule 45(d)(1) gives specific application to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45(d)(1)'s undue burden

---

[1] What is now Rule 45(d) was adopted in 1991 as Rule 45(c).  In 2013, a new subdivision (c) was inserted, and subdivision (d) now "contains the provisions formerly in subdivision (c)."  Fed. R. Civ. P. 45(d) advisory committee's notes to 2013 amendment.  *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009) ("In [interpreting the Rules], we also give weight to the advisory committee's notes that accompany [them].")

language."[2]  *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 2014 WL 1257762, *24 (D. Colo. Mar. 27, 2014) (quotations and alterations omitted) (citing *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012)).  "Under [the standards governing Rule 26], undue burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed."  *XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *27 (D.N.M. Apr. 1, 2016) (quotation marks and alteration omitted).

Applying these principles, the Court finds the Subpoena did not impose an undue burden or expense on Impact.  The Subpoena sought information clearly relevant to the dispute between Blueberry Hill and American Family—Blueberry Hill hired Impact specifically so that it could contest American Family's claim decision and receive a larger payment.  (ECF No. 4 ¶ 52.)  American Family had a need for the documents requested because Impact's work as a public adjuster served as the main basis for Blueberry Hill's assertion that it was entitled to additional reimbursement under the insurance policy.  (*See id.* ¶¶ 17, 18, 31, 40, 52.)  The requests were narrowly tailored to documents and recordings relating to Impact's work for Blueberry Hill and limited to 2015 or later.  (ECF No. 33-1 at 1.)  *Compare XTO Energy*, 2016 WL 1730171, at *27 (finding requests to a law firm for "[a]ny agreements between [it] and any insurance company regarding rates for legal services for the past five (5) years" and "[a]ny billing documents for services provided . . . related to the defense of an insured at the request

---

[2] Rule 26(g)(1)(B) requires parties seeking discovery to act: (1) consistently with the rules of existing law or with good reason to change the law; (2) without bad faith; and (3) reasonably without imposing undue burden or expense considering the needs of the case. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012).

of an insurance company" a "considerable burden").  Impact even expressed its "appreciate[ion]" for this narrow tailoring.  (ECF No. 33-1 at 6.)  The only burden Impact objected to—the tight timeline—was alleviated by an extension of time and rolling productions.  (ECF No. 34 at 6.)

Nowhere in its Motion or reply does Impact explain how the expenses it incurred were "undue."  (*See* ECF Nos. 33, 42.)  Instead, it argues they are "significant," referencing the language from Rule 45(d)(2)(B)(ii) it wishes to import into Rule 45(d)(1).  (ECF No. 33 at 4–7; ECF No. 42 at 3, 8.)  By failing to develop or even make this argument, Impact has waived it.  *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013).

## IV. CONCLUSION

For the reasons set forth above, the Court Orders as follows:

1. Defendants' Motion for Order Requiring American Family to Pay Costs of Compliance with Subpoena (ECF No. 33) is DENIED; and

2. The parties shall bear their own costs related to the resolution of Defendant's Motion (ECF No. 33).

Dated this 26th day of July, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

7